IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,            )
                                     )
                  Plaintiff,         )
                                     )
        v.                           )          Case No. 09-2272 JWL
                                     )          06-20069-03 JWL
JERMELL FERGUSON,                    )
                                     )
                  Defendants.        )
                                     )
_____)

## MEMORANDUM AND ORDER

        Jermell Ferguson, appearing pro se, has filed a petition to vacate his sentence

pursuant to 28 U.S.C. § 2255.  He alleges he received ineffective assistance of

counsel at his sentencing hearing, in that his counsel purportedly failed to object to

either the criminal history category he was sentenced pursuant to[1] or to the

government's request to re-open the evidentiary portion of the sentencing hearing. [2]

---

[1] Mr. Ferguson's counsel objected to the calculated criminal history category for Mr. Ferguson in a sentencing memorandum by requesting a downward departure on the grounds that the criminal history category "overstated the seriousness of his prior criminal convictions." (doc. # 129).  In addition, counsel called the Court's attention to the issue during sentencing.  The Court determined a departure was not warranted and ruled as such during sentencing.

[2] The government filed a Motion to Re-Open Evidence (doc. #133).  Mr. Ferguson's counsel filed a response to the motion, challenging the government's request (doc. #134).  After a hearing on the matter, the Court granted the government's motion (doc. #137).  Mr. Ferguson's attorney objected to the re-opening of evidence in the defense's response to the government's motion (doc. #134) and during the sentencing
(continued...)

He additionally asserts that the Court improperly calculated his sentence pursuant to U.S. S. G. § 1B1.3(a)(1)(A)[3] because the Court considered evidence that was not related to the counts he pleaded guilty to. Lastly, he claims that U.S. S.G. § 2D1.1 creates "an element of the offense under 21 U.S.C. § 846," which he asserts must be proven beyond a reasonable doubt.[4] In response, the government contends that Mr. Ferguson's claims are barred by the one year statute of limitations applicable to motions to vacate under 28 U.S.C. § 2255. In addition, the government asserts that even if the claims are not time-barred, Mr. Ferguson received constitutionally sufficient assistance of counsel and that his sentence was properly calculated by the

---

[2](...continued)
proceeding.

[3] U.S. S. G. § 1B1.3(a)(1) provides for the consideration of certain relevant conduct by the defendant in determining a proper sentence, including:

> (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,

that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

[4] 21 U.S.C. § 846 criminalizes conspiracies to violate the Controlled Substances Act, including 21 U.S.C. § 841, which prohibits the manufacture or distribution of certain drug types.

Court.[5]  For the reasons set forth below, the Court concludes that Mr. Ferguson did not bring his claims in a timely manner and that his circumstances do not justify equitably tolling the limitations period.  Thus, Mr. Ferguson's petition under 28 U.S.C. § 2255 is **dismissed** for having been untimely filed, and his request for an evidentiary hearing on the merits of his § 2255 petition is **denied**.

## I. Background

In December 2006, Jermell Ferguson pleaded guilty to two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  On May 29, 2007, he was sentenced to an 84-month term of imprisonment, a term at the low end of the applicable guideline range.  Subsequently, the Court reduced his sentence to 70 months due to an amendment of the Sentencing Guidelines (doc. # 171).   Mr. Ferguson did not file a direct appeal of his sentence.  Rather, on May 18, 2009, he mailed to the Court a petition under 28 U.S.C. § 2255 to vacate his remaining sentence (doc. # 176).[6]  The clerk's office filed the petition on May 20, 2009.

---

[5]  Although the Court concludes Mr. Ferguson filed his petition under 28 U.S.C. § 2255 in an untimely manner, the Court nevertheless has considered the substance of Mr. Ferguson's claims, and finds them to lack merit.  As discussed above, Mr. Ferguson's attorney did in fact object to the issues that Mr. Ferguson now asserts he failed to object to, and the Court finds Mr. Ferguson's arguments regarding the evidence taken into consideration by the Court to be without legal merit.

[6] In his petition, Mr. Ferguson declared under penalty of perjury that he placed the petition in the prison's mailing system on May 18, 2009.

**II. Timeliness of the Petition**

Petitions under 28 U.S.C. § 2255 must generally be filed within a one year

limitations period, which begins to run from the latest of several possible events:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Mr. Ferguson does not assert that his petition is timely under paragraphs (2),

(3) or (4) of § 2255(f).  Therefore, he had to file his petition within one year of the

date on which his judgment of conviction became final.  His judgment of conviction

became final ten days after entry of judgment on May 29, 2007 because he did not

take a direct appeal.  *See United States v. Lopez-Ochoa*, 2003 WL 21938966, at *4

(D. Kan. July 29, 2003) (noting that the conviction becomes final ten days after entry

of judgment if the defendant takes no direct appeal of his conviction).  Mr. Ferguson,

however, did not "file" his petition under § 2255 until May 18, 2009, the date on

which he gave the petition to prison officials for mailing.  See *Burger v. Scott*, 317

4

F.3d 1133, 1136 n. 3 (10th Cir. 2003) (citing *Houston v. Lack*, 487 U.S. 266, 276

(1988)) (stating that a petition is deemed filed on the date it is delivered to prison

officials for mailing). Thus, his petition was not timely filed.

Mr. Ferguson concedes he failed to timely file his § 2255 petition but asserts

that extraordinary circumstances warrant an equitable tolling of the limitations

period. In particular, he claims equitable tolling is appropriate because he was not

aware of either the availability of an appellate remedy after sentencing or of the one

year limitations period for filing a motion to vacate under § 2255. He contends that

his lack of knowledge stems not from his own error, but rather that of his lawyer, who

allegedly failed to inform him of his right to directly appeal his conviction and of the

limitations upon filing a habeas petition. In addition, he asserts that the limitations

period ought to be equitably tolled because he was denied the effective assistance of

counsel under the Sixth Amendment.

Equitable tolling is an available remedy only when the prisoner "diligently

pursues his claims and demonstrates that the failure to timely file was caused by

extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217,

1220 (10th Cir. 2000). Mr. Ferguson's request for equitable tolling of the limitations

period fails in both respects.


**A. Extraordinary Circumstances**

Although Mr. Ferguson asserts that his lack of knowledge regarding the filing deadline constitutes an "extraordinary circumstance," an "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). *See also Miller v. Marr*, 141 F.3d 976, 978 (10th 1998) (finding the petitioner was not entitled to equitable tolling where it was apparent he "simply did not know about the limitation in the AEDPA until it was too late"). For example, equitable tolling is not warranted when the petitioner asserts generally that he did not have sufficient access in prison to relevant law, including the statute setting forth the time limitation. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (holding that petitioner's "alleged ignorance of AEDPA's one-year limitations period does not support the application of equitable tolling principles"). *See also United States v. Peterson,* 120 Fed. Appx. 764, 766 (10th Cir. 2005) (unpublished opinion) (upholding the district court's finding that an "extraordinary circumstance" did not exist when the prison did not have a copy of the statute setting forth the limitations period, as the prisoner did not assert that he was "wholly barred from access to legal materials from which he could have learned" about the time limitation);[7] and *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999*)* ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity

---

[7] According to 10th Cir. R. 32.1, unpublished opinions may be cited for their persuasive value, although they lack precedential value. The Court finds the claim presented in *U.S. v. Peterson* regarding ignorance of the law sufficiently analogous to that asserted by Mr. Ferguson, and therefore persuasive.

with the legal process" and "ignorance of legal rights" do not warrant equitable tolling) (quoting *Borrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)).  Therefore, Mr. Ferguson's assertions that he did not know of the one year limitations period for petitions filed under § 2255 cannot justify equitable tolling.

In addition, the asserted failure of Mr. Ferguson's counsel to notify petitioner of his right to appeal the judgment of conviction or of the time limitation for filing a § 2255 petition does not present an "extraordinary circumstance" to justify equitably tolling the one-year limitations period.[8]  Indeed, a purported denial of the effective assistance of counsel under the Sixth Amendment, "where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling]." *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005)).  Therefore, the ordinary negligence of Mr. Ferguson's counsel would not constitute "extraordinary circumstances" for tolling purposes.  For example, a mistake by counsel in calculating the limitations period has been found not to excuse a petitioner's failure to file within the limitations period.  *Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003) (citing opinions from several circuits).  *See also U.S. v. Aros*, 216 Fed. Appx. 754, 756 (10th Cir. 2007) (unpublished opinion) (distinguishing ordinary attorney errors from more serious attorney misconduct).

---

[8] The Court would note that whether or not counsel informed Mr. Ferguson of his right to appeal, the Court did so at the time of his sentencing.  The Court did not, however, discuss the time for filing a petition under § 2255.

Instead, equitable tolling of the limitations period will be justified when the habeas petitioner can establish "sufficiently egregious misconduct" on the part of his counsel. *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007).

Mr. Ferguson did not assert any facts to persuade this Court that his counsel engaged in "sufficiently egregious misconduct."  Mr. Ferguson claimed his counsel improperly failed to object to his criminal history category and to the re-opening of the evidentiary portion of the sentencing hearing.[9]  In addition, his counsel purportedly failed to inform him of his right to appeal and of the limitations period under 28 U.S.C. § 2255.  However, the asserted failures of his attorney during sentencing, and to inform Mr. Ferguson of his right to appeal, do not provide a justification for why he did not timely file his petition under § 2255.  *See U.S. v. Romero-Cruz*, 245 Fed. Appx. 797, 800 (10th Cir. 2007) (unpublished opinion).  Moreover, any failings on the part of counsel do not rise to the level of "egregious misconduct."  For example, in *Fleming v. Evans*, the Tenth Circuit found an evidentiary hearing regarding equitable tolling warranted when the petitioner repeatedly questioned his attorney about the status of the petition, the attorney consistently promised it was being prepared and would be timely filed, and the attorney filed to ever file it.  481 F.3d at 1256-57.  Mr. Ferguson, on the other hand, has not asserted similar affirmative misconduct on the part of his counsel but rather

---

[9] As noted above, Mr. Ferguson's attorney did object to both his criminal history category and the re-opening of the evidentiary portion of the hearing.

8

mere negligence at most.  This is an insufficient basis for finding such extraordinary circumstances as to justify equitable tolling of the limitations period.


**B.  Diligent Pursuit of Claims**

Even if the circumstances asserted by Mr. Ferguson were to be deemed extraordinary, Mr. Ferguson has failed to establish that he diligently pursued his claims during the time between his conviction and his late filing of the § 2255 petition.  As the Fifth Circuit has explained, "'equity is not intended for those who sleep on their rights.'" *Fisher v. Johnson*, 174 F.3d at 715 (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).  Mr. Ferguson has not asserted that he undertook any action to pursue his constitutional claims during the year-long limitations period, such as by working on the drafting of his petition or diligently inquiring into whether a retained attorney had filed the petition on his behalf.[10]  *See Fleming v. Evans*, 481 F.3d at 1257 (despite assurances from his attorney that the petition would eventually be filed, petitioner nevertheless began drafting it himself during the limitations period out of concern it would not be filed otherwise) *and U.S. v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005) (petitioner and his wife consistently inquired into the status of the petition despite the attorney's assurances that no limitations period existed and that the attorney would file the petition shortly, and

---

[10] Mr. Ferguson was represented through sentencing by CJA appointed counsel and no retained attorney has entered an appearance on his behalf.

9

filed grievances against the attorney when the petition was not filed).  Mr. Ferguson therefore has not established grounds for equitably tolling the limitations period applicable to motions under § 2255.

For the foregoing reasons, the Court concludes that Mr. Ferguson did not timely file his petition under 28 U.S.C. § 2255, and the petition is hereby dismissed. In light of this conclusion, the Court need not address the merits of the petition.  Mr. Ferguson's request for a hearing on the merits of his § 2255 petition is also denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Ferguson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. # 176) is dismissed as untimely.

**IT IS SO ORDERED** this 14th  day of September, 2009.

s/ John W. Lungstrum

John W. Lungstrum
United States District Judge

10