IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-2272 JWL |
| | ) | 06-20069-03 JWL |
| JERMELL FERGUSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM & ORDER

In September 2009, the court issued a memorandum and order dismissing Mr. Ferguson's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Ferguson has now moved for a certificate of appealability (Doc. 185). As explained below, the court declines to grant a certificate of appealability (COA).

A COA should issue if the applicant has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the Tenth Circuit has interpreted to require that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 (10th Cir. 2004) (quoting *Tennard v. Dretke,* 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000))). In his § 2255 motion, Mr. Ferguson argued that his counsel was constitutionally ineffective at his sentencing hearing because his counsel failed to object to the criminal history category

1

Mr. Ferguson was sentenced pursuant to, or to the government's request to re-open the evidentiary portion of the sentencing hearing. He additionally claimed that the Court improperly calculated his sentence pursuant to U.S. S.G. § 1B1.3(a)(1)(A) because the Court considered evidence that was not related to the counts he pled guilty to. Lastly, he asserted that U.S. S.G. § 2D1.1 creates an "element of the offense under 21 U.S.C. §846," which he contended must be proven beyond a reasonable doubt.

The Court noted that it found Mr. Ferguson's claims to be without merit, but ultimately denied the § 2255 petition on the grounds that Mr. Ferguson filed his petition in an untimely manner and did not demonstrate an entitlement to equitable tolling of the limitations period. See 28 U.S.C. § 2255(f) (setting forth the one year limitations period for § 2255 petitions). The Court explained that neither Mr. Ferguson's alleged ignorance of the filing deadline nor his attorney's alleged failure to notify him of his right to appeal or of the time limitation for filing a § 2255 petition constituted an "extraordinary circumstance" warranting equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). *See also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) *and Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007). The Court also found that Mr. Ferguson had not diligently pursued his claims during the time between his conviction and his late filing of the § 2255 petition. *See Fleming*, 481 F.3d at 1257.

In his request for a COA, Mr. Ferguson renewed his allegations of ineffective assistance of counsel and reasserted his claim that his attorney's failures justify equitable

tolling of the limitations period.[1] However, Mr. Ferguson also asserted for the first time a claim of "actual innocence." Mr. Ferguson apparently does not contend that he is actually innocent of the crimes for which he pled guilty and was consequently convicted. Rather, he states that a misapplication of the sentencing guidelines and his attorney's failure to object "triggered" his actual innocence claim. In other words, he appears to assert that he is actually innocent of the sentence imposed. However, Mr. Ferguson does not explain in greater detail the manner in which he is actually innocent of his sentence. Moreover, the Tenth Circuit has explained that while a claim of actual innocence may toll the statute of limitations applicable to § 2255 petitions, "actual innocence means 'factual innocence,'" and "'a person cannot be actually innocent of a noncapital sentence.'" *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998) and *Reid v. Oklahoma,* 101 F.3d 628, 630 (10th Cir. 1996)). Therefore, the Court rejects Mr. Ferguson's assertion of "actual innocence" as a basis for equitably tolling the limitations period applicable to Mr. Ferguson's § 2255 petition. *See Laurson*, 507 F.3d at 1232 (rejecting defendant's assertion of "actual innocence" as applied to a claim that the sentence imposed was improper and therefore finding equitable tolling unwarranted). *See also United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993) (rejecting defendant's assertion of "actual innocence" based upon a claim that a lesser sentence should have been imposed).

---

[1] As previously explained, the alleged failures of his attorney were not "sufficiently egregious" to warrant equitable tolling under the law of the Tenth Circuit. *See Fleming*, 481 F.3d at 1256. *See also United States v. Aros*, 216 Fed. Appx. 754, 756 (10th Cir. 2007) (unpublished opinion) (distinguishing ordinary attorney errors from more serious attorney misconduct).

For the foregoing reasons, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED** this 12th day of November, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge