# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 06-20069 |
|  ) | 09-2272 |
| JERMELL L. FERGUSON ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Jermell Ferguson pled guilty to two count of distributing cocaine base, and he received a 84-month prison sentence. His sentence was later reduced to 70 months pursuant to retroactive amendments to the Sentencing Guidelines (doc. 171). Mr. Ferguson did not take a direct appeal, but he filed a motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 176), which this court denied as untimely (doc. 184). Mr. Ferguson appealed that decision, and the Tenth Circuit dismissed his appeal (doc. 191).

Mr. Ferguson has now filed a pro se Motion for Modification of Sentence Pursuant to 3582(c)(2) (doc. 192). For the reasons set forth below, that motion is denied.

## DISCUSSION

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission ... consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement to which § 3582(c) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1).

Mr. Ferguson suggests that "Amended Bill S. 1789" modified the guidelines in such a way that would result in a lower sentence for him. Presumably he means Senate Bill 1789, which became Public Law No: 111-220, the Fair Sentencing Act of 2010, when signed by the President on August 3, 2010.[1] The Fair Sentencing Act amended various United States Code provisions with respect to crack cocaine violations. Although it directed the Sentencing Commission to similarly amend the Guidelines, the act itself did not do so. As such, the act cannot serve as the basis for a § 3582 motion.

As instructed, however, the Sentencing Commission amended the Guidelines to be consistent with the Fair Sentencing Act. As relevant to Mr. Ferguson's motion, the Drug Quantity Table of § 2D1.1 was amended to reflect statutory changes in the penalties for crack cocaine offenses, "ensur[ing] that the relationship between the statutory penalties for crack cocaine offenses and the statutory penalties for offenses

---

[1] http://thomas.loc.gov/cgi-bin/bdquery/z?d111:s1789:

involving other drugs is consistently and proportionally reflected throughout the Drug Quantity Table." U.S.S.G. § 2D1.1, hist. notes.

This amendment was effective November 1, 2010. Nothing in the text of the amendment suggests that it is to be applied retroactively. Similarly, nothing in § 1B1.10 indicates that this amendment should be applied retroactively. As such, it may not serve as support for a § 3582 reduction in sentence. U.S.S.G. § 1B1.10.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Modification of Sentence Pursuant to 3582(c)(2) (doc. 192) is denied.

**IT IS SO ORDERED** this 2nd day of February, 2011.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
